Annie May DIGGS v. STATE. (No. 10458.) (Court of Criminal Appeals of Texas. Dec. 8, 1926.) Appeal from District Court, Bexar County; W. W. McCrory, Judge. W. L. Schlesinger, of San Antonio, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Appeal is from a conviction for manslaughter; punishment being two years in the penitentiary. The record is before us without any statement of facts. Exception was reserved to the refusal of a number of special charges which were requested. Without having before us the evidence developed upon the trial, it is impossible for us to know whether the charges were appropriate, and therefore we are not in a position to determine whether the refusal of them was error. The charge given covers in some particulars those which were requested. The record before us shows no error, and the judgment is affirmed.

---

**2**

Jack EMBERSON v. STATE. (No. 10541.) (Court of Criminal Appeals of Texas. Dec. 8, 1926.) Appeal from District Court, Grayson County; Silas Hare, Judge. Randell & Randell, of Sherman, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is manslaughter; punishment fixed at confinement in the penitentiary for a period of two years. Appellant having by his affidavit in writing, duly verified, signified his desire to abandon and withdraw the appeal, the clerk is directed to strike the case from the docket and issue mandate to that effect.

---

**3**

Mary GLOVER v. STATE. (No. 10647.) (Court of Criminal Appeals of Texas. Dec. 15, 1926.) Appeal from District Court, San Augustine County; V. H. Stark, Judge. W. T. Davis, of San Augustine, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. Conviction in district court of San Augustine county of murder; punishment, ten years in the penitentiary. The record is before us without any statement of facts or bills of exception. The indictment correctly charges the offense of murder and is followed by the charge of the court. Finding no error in the record, the judgment will be affirmed.

---

**4**

Elmer HAYWORTH v. STATE. (No. 10457.) (Court of Criminal Appeals of Texas. Dec. 8, 1926.) Appeal from District Court, Kaufman County; Joel R. Bond, Judge. Chaney & Dailey, of Dallas, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The offense is the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year. The record is before us without statement of facts or bills of exceptions. The indictment appears regular, and no fundamental error is apparent. The judgment is affirmed.

---

**5**

Dick HENDRIX v. STATE. (No. 10469.) (Court of Criminal Appeals of Texas. Dec. 8, 1926.) Appeal from Garza County Court; J. M. Boren, Judge. Lockhart & Garrard, of Lubbock, for appellant. Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

MORROW, P. J. The conviction is for unlawfully carrying a pistol; punishment fixed at a fine of $100. The record is void of statement of facts and bills of exceptions. No fundamental error has been discovered. The judgment is affirmed.

---

**6**

Jim HOWARD v. STATE. (No. 10480.) (Court of Criminal Appeals of Texas. Dec. 8, 1926.) Appeal from District Court, Johnson County; Irwin T. Ward, Judge. Keith & Prestridge, of Cleburne, and Troy Deason, of Glen Rose, for appellant. Sam D. Stinson, States' Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

HAWKINS, J. Appeal is from a conviction for the manufacture of intoxicating liquor; the punishment being one year in the penitentiary. The indictment charges the offense to have occurred on the 10th day of November, 1925. Appellant entered his plea of guilty. Evidence was from officers who testified to having seen appellant upon that occasion in the act of manufacturing the liquor. Notwithstanding the entry of the plea of guilty, and that the state's evidence in every particular shows guilt, appellant brings the case to this court on appeal, in which we find no merit whatever. The judgment is affirmed.